

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Sidney Latham
Secretary of State
Austin 11, Texas

Dear Sir:

O-6264

Attention: Mr. W. Luther Estes

Opinion No. O-6264
Re: Should a corporation whose
right to do business was
forfeited in 1941 for failure
to pay a balance of franchise
tax which accrued on May 1,
1941, be required to pay an
additional amount of 5% per
month revival fee on the
franchise taxes which accrued
on May 1, 1942, May 1, 1943,
and May 1, 1944, under the
provisions of Article 7092,
V. A. C. S., 1925?

You request the opinion of this department on the following factual situation and query based thereon:

"A corporation whose right to do business was forfeited September 3, 1941, for failure to pay a balance of franchise tax and penalties which accrued during that year and which has since failed to pay the franchise taxes and penalties which accrued on May 1, 1942, 1943 and 1944, respectively, is seeking to revive its right to do business.

"The officers of the corporation, through their attorney have questioned our method of computing the additional amount of 5% of the franchise tax for each month or fractional part of a month, as provided for in Article 7092, R. C. S. 1925.

"It has been the practice of this department to compute the 5% on the amount of tax due, for which tax the right to do business was forfeited, for each month of the forfeiture even though the forfeiture has run for several years. It has also been the practice to compute the additional 5% on the tax accruing in subsequent years from May 1st of each year to date of payment.

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Your department, in Opinion No. 0-72, November
22, 1939, held that the 5% designated as a revival fee
should be collected for the entire period of forfeiture
until the accrued tax and penalties are paid. The at-
torney for the corporation has conceded that this method
is probably correct, but should apply only to the amount
of tax due for which the forfeiture was declared, and
urges that it is not contemplated in Article 7092 that
the fee should also be computed on the franchise taxes
accruing in subsequent years and which remain unpaid.
It is contended, therefore, that the opinion cited does
not answer this question.

"It is further urged that the franchise tax laws
are purely revenue measures and that the penalty either
for late return or late payment is the extent of the
State's exactions after forfeiture and that the revival
fee applies wholly to the amount of tax due at the time
of forfeiture. Your opinion, therefore, is requested
on this question:

"'Should a corporation whose right to do business
was forfeited on September 3, 1941, for failure to pay
a balance of franchise tax accruing May 1, 1941, and
which corporation is willing to pay the 5% per month
penalty on said balance, for which tax its right to do
business was forfeited, be required to pay 5% per month
revival fee on the franchise taxes accruing on May 1,
1942, May 1, 1943, and May 1, 1944, after the right
to do business was forfeited on September 3, 1941'"

The foregoing situation is governed by the provisions of
Chapter 3, Title 122, V. A. C. S. 1925, and the appropriate statutes
will be summarized sufficiently to develop the controlling question
without setting them out in full. (All emphasis ours).

It is provided that: "Except as herein provided,
all corporations now required to pay an annual franchise
tax shall, between January 1st and March 15th of each
year, make a sworn report to the Secretary of State - -
showing its condition on the last day of the preceding
year, in default of which report it shall be liable
for penalty of 10% of the amount of the franchise tax
due by such corporation - - - together with its franchise
tax." Art. 7089, R. S. 1925, as amended by Acts 1931,
42nd Leg. p. 441, Ch. 265, s 2, Vernon's Ann. Civ. St.
Art. 7089.

It is provided that, "Except as herein provided, every domestic - - - corporation heretofore or hereafter chartered or authorized to do business in Texas, shall, on or before May 1st of each year, pay in advance to the Secretary of State a franchise tax for the year following," to be computed upon the report of its condition required in Art. 7089, supra. Art. 7084, R. S. 1925, as amended by Acts 1941, 47th Leg. p. 269, Ch. 184, Art. VIII, § 1, Vernon's Ann. Civ. St. Art. 7084.

It is provided that if "any domestic corporation shall fail to pay the tax provided in Art. 7084, supra, then due as provided, it shall be liable for a penalty of 25% of the amount of the delinquent tax, and if said tax and penalty be not paid in full by July 1, thereafter, the corporation shall forfeit its right to do business in Texas, such forfeiture to be effectuated by the Secretary of State as therein provided, after notice, and the corporation shall thence forward be denied the right to bring or defend suits in the courts of the State, unless its right to do business shall be revived" (as provided in Art. 7092, now to be noticed). Art. 7091, R. S. 1925.

It is provided in Art. 7092, R. S., 1925, as follows: "The Secretary of State, shall during the month of May of each year, notify each domestic and foreign corporation which may be or become subject to a franchise tax under any law of this State, which has failed to pay such franchise tax on or before the first day of May, that unless such overdue tax together with said penalty thereon shall be paid on or before the first day of July next following, the right of such corporation to do business in this State will be forfeited without judicial ascertainment. --- Any corporation whose right to do business may have been forfeited, as provided in this chapter, shall be relieved from such forfeiture by paying to the Secretary of State any time within six months after such forfeiture the full amount of the franchise tax and penalty due by it, together with an additional amount of five per cent of such tax for

Honorable Sidney Latham, page 4

each month, or fractional part of a month, which shall elapse after such forfeiture; provided, that such amount shall in no case be less than five dollars. When such tax and all penalties shall be fully paid to the Secretary of State, he shall revive the right of the corporation to do business within this State by cancelling the words 'right to do business forfeited,' upon this record and endorsing thereon the word, 'revived,' and the date of such revival. If any domestic corporation whose right to do business within this State shall hereafter be forfeited under the provisions of this chapter shall fail to pay the Secretary of State, on or before the first day of January next following the revival, (forfeiture), the amounts necessary to entitle it to have its right to do business revived under the provisions of this chapter, such failure shall constitute sufficient ground for the forfeiture, by judgment of any court of competent jurisdiction, of the charter of such domestic corporation."

And it is provided in Art. 7095: "The Attorney General shall bring suit therefor against any corporation which may be or become subject to or liable for any franchise tax or penalty under this law; and, in case there may now be or shall hereafter exist valid grounds for the forfeiture of the charter of any domestic private corporation, or failure to pay any franchise tax or franchise taxes or penalty or penalties to which it may have become or shall hereafter be or become subject or liable under this or former law, he shall bring suit for a forfeiture of such charter. ---"

In your request you state in part as follows:

"-----

"It has been the practice of this department to compute the 5% on the amount of tax due, for which tax the right to do business was forfeited, for each month of the forfeiture even though the forfeiture has run for several years. It has also been the practice to compute the additional 5% on the tax accruing in subsequent years from May 1st of each year to date of payment. - - -"

Honorable Sidney Latham, page 5

The opinion of this department, No. O-72, November 22, 1939, approved the departmental construction theretofore used by former Secretaries of State as to the charge of five per cent per month on the unpaid amount of tax for which failure to pay the right to do business was forfeited, for each month of the forfeiture even though the forfeiture had run for several years, but the opinion did not cover the question asked in the instant case since no request was made therefor.

However, the following excerpts from the opinion request of November 14, 1939, upon which the above opinion was based reveal the following factual situation therein:

" - - -

"For your information and attention we submit schedule of the taxes and penalties due by this corporation for the 24 year period, as follows:

| | |
|---|---:|
| Franchise taxes, 24 years at $10.00 per year | $ 240.00 |
| 10% penalty for late report (Art. 7089) | 24.00 |
| 25% penalty for late payment (Art. 7091) | 60.00 |
| Subtotal | 324.00 |
| Revival fee (Art. 7092) | 1,739.00 |
| Total | $2,063.00 |

"You will note the revival fee is figured on a basis of 24 years and amounts to a substantial sum of money compared with the amount of taxes and penalties due. We are in doubt as to whether we should collect this revival fee for the period of 6 months, or the entire period of delinquency. - - -"

The only conclusion which can be reached from this request and the opinion rendered thereon is that at the time of the request, 1939, it was the construction by the then Secretary of State and the usage thereunder that "the additional amount of five per cent of such tax for each month, or fractional part of a month, which shall elapse after such forfeiture" (Art. 7092 V.C. 1925) was to be based on not only the franchise tax delinquent for the year in which the forfeiture of the right to do business occurred, but also on each unpaid franchise tax accruing thereafter, which is your present practice as stated in your request, supra.

Honorable Sidney Latham, page 6


It is established law in Texas that departmental construction or interpretation will be resorted to only where the statute is ambiguous. See McCallum v. Ass. Ret. Credit 'en of Justin, 41 S. W. (2) 45 (Comm. App.), in which Mr. Justice Critz wrote in part as follows:

"The Court of Civil Appeals also holds that the statute article 7094, should be given the construction that it exempts the Association from the tax because (a) the administrative officer of the state, the secretary of state, charged with the duty of collecting the tax, has so construed the statute for several years, and, (b) because the secretary of state has for several years so construed an opinion of the Attorney General. This holding is error.

"The rule that a departmental ruling adhered to through years of administering of a statute will be given weight, only applies to statutes of doubtful construction. Such a rule has no application to a statute, such as this, that is not of doubtful construction or application. Ramsey v. Tod. 95 Tex. 614, see body of opinion page 626, 69 S. W. 133, 136, 93 Am. St. Rep. 875."

That Articles 7091 to 7092, VACS 1925, are in part ambiguous is demonstrated in that they have been judicially construed by the Supreme Court of Texas in three outstanding cases as follows: Federal Crude Oil Co. v. Yount-Lee Oil Co., 122 Tex. 21, 52 S. W. (2) 56; Ross Amigos Oil Co., v. State, 134 Tex. 626, 138 S. W. (2) 798, and Federal Crude Oil Co., v. State, 169 S. W. (2) 283 (err. ref.) cert. denied, 64 S. Ct. 66, 320 vs. 758, 88 L ed. However, in none of these cases did the Supreme Court pass on the question here presented.

In view of the fact that prior to the year 1939, it was the departmental construction of Article 7092 by the Secretary of State's office to compute the five per cent (5%) additional amount on all delinquent franchise taxes as they

Honorable Sidney Latham, page 7

accrued until the final revival by the payment of all delinquent franchise taxes and penalties, and that Attorney General's Opinion No. 0-72, supra, based upon such departmental construction approved such custom and usage as a matter of legal construction of such Article, it is the opinion of this department that Attorney General's Opinion No. 0-72, dated November 22, 1939, fully answers your query and the answer is therefore "Yes."

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

C. K. Richards
Assistant

RAL OF TEXAS

CKR:zd

APPROVED
OPINION
COMMITTEE

BY
CHAIRMAN